1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>    Plaintiff,<br><br>v.<br><br>S. GATES,<br><br>    Defendant. | Case No.: 1:18-cv-00677-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(ECF No. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Anthony Scott Berringer is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**II.**

**MOTION TO PROCEED IN FORMA PAUPERIS**

Initially before the Court is Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), filed on May 17, 2018. (ECF No. 2.) The motion was supplemented by a certified copy of Plaintiff's inmate trust account statement on June 5, 2018. (ECF No. 6.)

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

1

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. <u>Andrews</u>, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that on three or more prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following cases: (1) <u>Berringer v. Salinas Valley State Prison, et al.</u>, No. 06-cv-02839-CW (N.D. Cal. Nov. 1, 2006) (dismissed as duplicative and abusive) ; (2) <u>Berringer v. California Dep't of Corrections</u>, No. 07-cv-03353-CW (N.D. Cal. July 13, 2007) (dismissed as duplicative and abusive); (3) <u>Berringer v. Salinas Valley State Prison, et al.</u>, No. 06-cv-00270-CW (N.D. Cal. Jan. 8, 2008) (dismissed for failing to state a claim upon which relief may be granted); (4) <u>Berringer v. Meza, et al.</u>, No. 11-cv-1439-PJH (N.D. Cal. July 5, 2011) (duplicative).

The Court has reviewed Plaintiff's complaint, and finds that, generally construed, his allegations satisfy the imminent danger exception to section 1915(g). <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055-56 (9th Cir. 2007). Plaintiff's complaint, dated May 16, 2018, alleges that he is in severe pain from a bunion and back surgery, and due to open knee surgery that occurred in 2009. Plaintiff further alleges that since February 8, 2018, he is not seen on a weekly regular basis for chronic care program, and is denied pain medication.

When liberally construed, Plaintiff has satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g) for imminent risk of serious physical harm. His application is otherwise completed and signed, and is supported by documentation showing that he is unable to prepay the filing fees for these proceedings. Thus, the Court finds it appropriate to grant his application to proceed in forma pauperis.

The Court next screens Plaintiff's complaint, below.

# III.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# IV.

# COMPLAINT ALLEGATIONS

Plaintiff names as a defendant S. Gates, the Chief of the Health Care Appeal branch, who denied his health care grievance appeal.

Plaintiff alleges, as noted above, that he is in excruciating pain from a bunion, his back, and due to open knee surgery from September 2009. As of February 8, 2018, the providers have not

provided medical care, and he is not being seen on a weekly basis for the chronic care program. He does not have seizures or post-herpetic neuralgia.

Defendant Gates claims that Plaintiff needs to go through his health care services providers, but Defendant Gates does not know Plaintiff, is not here to evaluate Plaintiff or decide on his medical 602 and exhaustive remedies, and is not aware of Plaintiff's excruciating pain. Defendant Gates is not compliant with Plaintiff's complaints that he needs to be placed on Neurontin (gabapentin) 300 milligrams. Plaintiff believes that Defendant Gates is judgmental towards him because of his mental challenges. Defendant Gates has not observed or evaluated Plaintiff to determine his appropriate medications.

Plaintiff seeks an injunction for an investigation regarding his treatment with Neurontin, as well as compensatory damages.

## V.

## DISCUSSION

### A. Eighth Amendment – Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///

4

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

In this case, Plaintiff asserts that his pain is not being properly treated, and he would like to be prescribed Neurontin. Defendant Gates reviewed Plaintiff's health care appeal at the headquarters' level and provided a response dated May 1, 2018. The response is attached to the complaint. (Doc. 1, at 7-8.)

The response states that Plaintiff's health record and the pertinent policies and procedures were reviewed, and they indicate that Plaintiff is being evaluated and treated for chronic pain, and that he was seen by health providers on November 18, 2017 and January 12, 2018. The providers determined that there was no indication for pain medication other than Tylenol (acetaminophen). He was then evaluated on February 8, 2018 as a new arrival, examined, and his primary care provider proscribed neoprene support for better pain management. On February 27, 2018, Plaintiff was issued a neoprene knee brace. Plaintiff was continued in the chronic care program with primary care follow-up pending, and he is continually prescribed acetaminophen. Gabapentin, on the other hand, is restricted to adjunctive therapy for partial complex seizures, post-herpetic neuralgia, and objective evidence of severe disease, and Plaintiff's health care providers did not document a condition that meets the criteria for nonformulary use of gabapentin. This last statement is consistent with Plaintiff's affirmative allegations that he does not have seizures or suffer from post-herpetic neuralgia.

///

Based on Plaintiff's allegations and the attachments, he has not stated a cognizable constitutional claim. He alleges pain and lack of treatment, but the attachments discuss to the contrary that he is receiving medical monitoring, evaluations and pain medications. Further, the attachments discuss that there is a medical basis for the denial of Neurontin (gabapentin). Plaintiff's claim appears to be based on his desire for more frequent chronic pain care and a specific medication, but a difference in medical opinion between a health care provider and a patient is not sufficient to show deliberate indifference to a serious medical need.

## VI.

## CONCLUSION

For the reasons discussed, Plaintiff has not stated a cognizable claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, to the extent he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. .. ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed on May 17, 2018 (ECF No. 2), is granted;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **June 8, 2018**

UNITED STATES MAGISTRATE JUDGE