# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00677-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>[ECF Nos. 1, 7, 8]<br><br>**FOURTEEN-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Anthony Scott Berringer, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On June 11, 2018, the Court screened Plaintiff's complaint and found that he had not stated any cognizable claim. (ECF No. 7.) Plaintiff was granted leave to amend his complaint allegations within thirty days to attempt to cure the deficiencies identified in that order. (*Id*. at 6-7.)

Plaintiff failed to comply with or otherwise respond to the Court's order, and on July 23, 2018, the Court required Plaintiff to show cause why this action should not be dismissed, within

1

1 | twenty-one days. (ECF No. 8.) That deadline has passed, and Plaintiff has not responded to the order to show cause. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

## II.

## FAILURE TO STATE A CLAIM

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

In this case, Plaintiff names as a defendant S. Gates, the Chief of the Health Care Appeal branch. Plaintiff claims that Defendant Gates wrongfully denied his health care grievance appeal seeking that he be placed on Neurontin (gabapentin).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

///

According to the complaint, Defendant Gates reviewed Plaintiff's health care appeal at the headquarters' level and provided a response dated May 1, 2018. The response is attached to the complaint. (Doc. 1, at 7-8.) The response states that Plaintiff's health record and the pertinent policies and procedures were reviewed, and they indicate that Plaintiff is being evaluated and treated for chronic pain, and that he was seen by health providers on November 18, 2017 and January 12, 2018. The providers determined that there was no indication for pain medication other than Tylenol (acetaminophen).

Plaintiff was then evaluated on February 8, 2018 as a new arrival, examined, and his primary care provider proscribed neoprene support for better pain management. On February 27, 2018, Plaintiff was issued a neoprene knee brace. Plaintiff was continued in the chronic care program with primary care follow-up pending, and he is continually prescribed acetaminophen.

Gabapentin, on the other hand, is restricted to adjunctive therapy for partial complex seizures, post-herpetic neuralgia, and objective evidence of severe disease, and Plaintiff's health care providers did not document a condition that meets the criteria for nonformulary use of gabapentin. This last statement is consistent with Plaintiff's affirmative allegations that he does not have seizures or suffer from post-herpetic neuralgia.

Based on Plaintiff's allegations and the attachments, he has not stated a cognizable constitutional claim. He alleges pain and lack of treatment, but the attachments discuss to the contrary that he is receiving medical monitoring, evaluations and pain medications. Further, the attachments discuss that there is a medical basis for the denial of Neurontin (gabapentin). Plaintiff's claim appears to be based on his desire for more frequent chronic pain care and a specific medication, but a difference in medical opinion between a health care provider and a patient is not sufficient to show deliberate indifference to a serious medical need.

## III.

## FAILURE TO OBEY COURT ORDERS

As noted above, on July 23, 2018, the Court issued an order to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with or otherwise respond ot the June 11, 2018 order. (ECF No. 8.) Plaintiff was also informed that he could comply with the

order to show cause by filing an amended complaint. (*Id*. at 1-2.) Plaintiff was permitted another twenty-one days to respond to the order to show cause, but did not file any amended complaint or otherwise respond.

This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id*. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommendation dismissal of the action for failure to prosecute. Plaintiff has had no contact with the Court in almost two months, and repeated attempts to engage him in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claims upon which relief may be granted. Plaintiff has been repeatedly warned of dismissal, to no avail, and as Plaintiff is proceeding in forma pauperis and has ceased litigating this action, no lesser sanctions are available.

## IV.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), based on

5

Plaintiff's failure to comply with a court order, failure to prosecute, and for the failure state a claim upon which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 23, 2018**

UNITED STATES MAGISTRATE JUDGE